**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DALRICK AION HENRY,

　　　　　Petitioner - Appellant,

　　v.

KATHY MENDOZA-POWERS,

　　　　　Respondent - Appellee.

No. 08-55189

D.C. No. CV-05-06964-PSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted January 15, 2010
Pasadena, California

Before: GOODWIN, SCHROEDER and FISHER, Circuit Judges.

　　Dalrick Aion Henry appeals the denial of his petition for a writ of habeas

corpus. We review the district court's decision *de novo*. *Burnett v. Lampert*, 432

F.3d 996, 997 (9th Cir. 2005). Because Henry's petition was filed after the Anti-

Terrorism and Effective Death Penalty Act ("AEDPA") became effective we apply

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the deference AEDPA demands when a state court has previously resolved a claim on the merits. *See* 28 U.S.C. § 2254.

*First*, Henry alleges that his conviction violated the Constitution because his counsel failed to request and the trial court failed to give an accomplice testimony instruction pursuant to California Penal Code section 1111. Even if there were clearly established federal law, as determined by the Supreme Court of the United States, making a conviction based on uncorroborated accomplice testimony unlawful, *see* 28 U.S.C. § 2254(d)(1), none of Henry's several challenges to this alleged error warrant habeas relief because any error arising from the absence of the instruction was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Henderson v. Kibbe*, 431 U.S. 145, 154-55 (1977); *Laboa v. Calderon*, 224 F.3d 972, 979-80 (9th Cir. 2000).

*Second*, Henry alleges that his trial counsel provided ineffective assistance by failing to object when the prosecutor questioned Henry about the veracity of other witnesses. The California Court of Appeal denied this claim on the merits, holding that Henry had failed to demonstrate that his trial counsel's performance fell "below an objective standard of reasonableness" in light of "prevailing professional norms." *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The state court identified the correct legal standard and did not apply it in an objectively unreasonable way.  *See Lockyer v. Andrade*, 538 U.S. 63, 73-75 (2003).

*Third*, Henry seeks an expanded certificate of appealability to challenge the trial court's decision to require additional foundation before certain evidence could be admitted.  The district court rejected this claim, and we deny Henry's request because he has failed to establish that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**AFFIRMED.**